UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAHKESKYAH YSRAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 4729 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| STATE OF ILLINOIS, | ) |
| JUDGE JAMES CARROLL, | ) |
| LOUIS J. PHILLIPS, and BALIN LAW P.C. | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court grants Defendants the State of Illinois' and Judge James Carroll's motion to dismiss [27]. The Court grants Defendants Balin Law P.C.'s and Louis J. Phillips' motion for leave to file a motion to dismiss [34] as well as their motion to dismiss [39]. Further, as Plaintiff has stipulated to the dismissal of Defendant Wells Fargo Bank, *see* Doc. 33, the Court denies Wells Fargo Bank's motion to dismiss [24] as moot. Additionally, the Court denies Ysrael's demand for default [40] as moot. Because the Court must abstain from exercising jurisdiction under the *Younger* abstention doctrine, the Court dismisses this case without prejudice. Civil case terminated. See statement.

## STATEMENT

Plaintiff Yahkeskyah Ysrael, proceeding *pro se*, brought this federal lawsuit challenging the outcome of a state court foreclosure action in the Circuit Court of Cook County, Illinois (2020-COTD-2186).[1] While Ysrael's complaint is not a model of clarity, all of his claims against the remaining Defendants appear to challenge the state court's approval of the foreclosure and sale of his property.[2] Defendants the State of Illinois and Judge James Carroll have moved to dismiss Ysrael's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks jurisdiction under *Younger v. Harris*, 401 U.S. 37

---

[1] The Court takes judicial notice of the electronic case docket for Case No. 2020-COTD-2186 pending in the Circuit Court of Cook County, Illinois. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); *see also Container Direct International Furniture, Inc. v. Fisher & Broyles LLP*, No. 22 C 1086, 2022 WL 2257129, at *1 n.1 (N.D. Ill. June 23, 2022) ("On a motion to dismiss, the court can take judicial notice of matters of public record such as case dockets and state court opinions and case dockets." (citations omitted)).

[2] On May 3, 2023, Ysrael filed a "Demand for Default Pursuant [to] Rule 56(C) (2) (3) (4)" asking the Court to enter a default judgment against Defendants. *See* Doc. 40. But because all Defendants have appeared and filed motions to dismiss, the Court denies Ysrael's demand for default as moot.

(1971), and that even if the Court had jurisdiction, Judge Carroll and the State of Illinois are immune from suit. Because the Court must abstain from exercising jurisdiction under the *Younger* abstention doctrine, the Court grants Defendants' motions to dismiss.[3]

The State of Illinois and Judge Carroll argue that the Court must abstain from exercising jurisdiction in light of *Younger* because the underlying mortgage foreclosure action is pending.[4] "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007); *see also Younger*, 401 U.S. at 45 ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). *Younger* "require[s] federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

Ysrael responds to Defendants' *Younger* abstention argument with one sentence, stating "[t]he Supreme Court emphasizes the importance of the federal courts' role in exercising the jurisdiction granted them to protect and enforce individual rights under the *Younger* doctrine," Doc. 32 at 3 (cleaned up), and citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989). But *New Orleans* recognizes that "there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is 'the normal thing to do,'" and the Court finds that this is such a case. *Id.* at 359 (quoting *Younger*, 401 U.S. at 45). Here, the underlying action is judicial in nature, implicates important state interests, namely Illinois' interest in the legitimacy of its judicial system and enforcement of its orders, and affords Ysrael an adequate opportunity to raise his challenges to the foreclosure and any alleged constitutional violations. *See Streight v. U.S. Bank, N.A.*, No. 11 C 50240, 2011 U.S. Dist. LEXIS 95961, at *2–3 (N.D. Ill. Aug. 25, 2011) (abstention under *Younger* appropriate where state foreclosure action pending). Ysrael has not identified any extraordinary circumstances that would weigh against the Court's abstention, nor does the Court see any. Thus, the Court abstains from exercising jurisdiction over Ysrael's claims and dismisses the complaint without prejudice. *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 ("The [*Younger*] doctrine reflects a concern that federal interference with certain types of important state proceedings is unwise and unnecessary in a system of dual sovereigns, and it

---

[3] Although Balin Law P.C.'s and Phillips' motion to dismiss is not fully briefed and does not specifically raise *Younger* abstention, because *Younger* abstention applies with equal force to Ysrael's claims against Balin Law and Phillips, the Court grants their motion to dismiss. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (court may raise *Younger* abstention *sua sponte*); *see also Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendnats and plaintiff had adequate opportunity to respond to the motion).

[4] Ysrael does not contest that the foreclosure action is ongoing, but the status of the state court case is not perfectly clear to the Court. According to the state court electronic docket, a motion to vacate was filed on May 3, 2023 (presumably by Ysrael) and the court entered an order, the contents of which the Court is unaware, on May 17, 2023. Circuit Court of Cook County, Illinois (2020-COTD-2186).

requires that federal courts dismiss such cases rather than intervene in state affairs." (citation omitted)).

Even if the Court had jurisdiction, the Court would still dismiss Ysrael's complaint as to Judge Carroll and the State of Illinois because they are both immune from suit. "The doctrine of judicial immunity has been embraced 'for centuries,'" and "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (citation omitted). Judicial immunity applies to acts performed by judges in their judicial capacity. *Id.* at 661. Here, Judge Carroll, a judge in the County Division of the Circuit Court of Cook County, entered orders in a state foreclosure action. Although Ysrael disagrees with Judge Carroll's orders, he is entitled to judicial immunity. *Faulkner v. Loftus*, No. 16 CV 02432, 2018 WL 11181980, at *17 (N.D. Ill. Mar. 30, 2018) ("When a judge does something that qualifies as a judicial act . . . absolute immunity applies—even if the conduct was baseless, malicious, corrupt, or violates the Constitution."). As to the State of Illinois, it is immune from suit under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Ysrael argues that the Eleventh Amendment does not apply to suits brought by a citizen against their own state and that "[u]nder the spending clause the state gives up there [sic] immunity for violating the citizens['] rights." Doc. 32 at 4. Neither of these arguments are availing. First, the Eleventh Amendment applies to suits brought by citizens against their own state. *See Kelly v. Mun. Courts of Marion Cnty.*, 97 F.3d 902, 907 n.3 (7th Cir. 1996) ("The United States Supreme Court has interpreted the Eleventh Amendment to bar suits against a state by its own citizens." (citing *Hans v. Louisiana*, 134 U.S. 1 (1890))). Second, while a state may waive its immunity in some instances, Ysrael does not provide any support for his contention that Illinois has done so here. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

Therefore, the Court grants Defendants the State of Illinois' and Judge James Carroll's motion to dismiss [27]. For the same reasons, the Court lacks subject matter jurisdiction over Balin Law P.C. and Louis J. Phillips, thus the Court also grants their motion to dismiss [39].

Date: July 5, 2023                                                              /s/  Sara L. Ellis_____